**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RICK WALLACE**, on behalf of himself and others similarly situated, | : | |
| | : | **CASE NO. 2:19-cv-2973** |
| Plaintiff, | : | |
| | : | **JUDGE EDMUND A. SARGUS, JR.** |
| v. | : | |
| | : | **CHIEF MAGISTRATE JUDGE** |
| | : | **ELIZABETH A. PRESTON DEAVERS** |
| **FINE HOME FURNISHINGS LLC,** *et al*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND ORDER OF DISMISSAL
WITH PREJUDICE**

Plaintiff Rick Wallace ("Named Plaintiff" or "Wallace") and Defendants Fine Home Furnishings LLC ("FHF"), B & A Holdings of America, LLC ("B&A"), Furniture Empire, LLC ("FE"), and A.J. Hussein ("Hussein") (collectively "Defendants") (collectively Named Plaintiff and Defendants will be referred to as the "Parties") file their Joint Motion for Approval of Settlement and Order of Dismissal with Prejudice seeking this Court's approval of the Settlement and Release Agreement entered by the Parties and attached hereto as **Exhibit A** (hereafter the "Settlement Agreement"). A proposed order granting this motion has been attached hereto as **Exhibit B** for the Court's convenience.

The settlement was negotiated by experienced counsel during many months of written and verbal settlement communications that culminated in a settlement on September 29, 2020. The Parties respectfully submit that the proposed settlement is fair, reasonable, adequate, and satisfies the criteria for approval under § 216(b) of the FLSA, as more fully provided below.

**I. Background**

1

Named Plaintiff filed this action in the United States District Court for the Southern District of Ohio, Eastern Division on July 10, 2019. (ECF No. 1.). Named Plaintiff's complaint alleged that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime compensation to Named Plaintiff and others similarly situated due to Defendants' misclassification of the insides salespersons as exempt from overtime pay. The complaint further alleged violations of the Ohio Wage Act ("OWA") and the Ohio Prompt Pay Act ("OPPA"), arising from the same alleged misclassification. (ECF No. 1.)

On September 6, 2019, the Court issued an Order approving the Parties' joint stipulation to conditionally certify this matter as a collective action and the Parties' agreed upon Notice. (EFC NO. 6). This matter came before the Court for a telephonic status conference on November 7, 2019, at which time, the Parties informed the Court that Notice, which had previously been approved by the Court, had been sent to the potential opt-in Plaintiffs and the 90-day opt-in period will close on December 19, 2019. (ECF NO. 16). Only one opt-in Plaintiff joined this lawsuit, for a total of two Plaintiffs. (ECF NO. 2). Counsel for Plaintiffs and Counsel for Defendants prepared and filed the parties' Civ. R. 26(f) Report on February 25, 2020. (ECF No. 22). On March 3, 2020, the Court issued a Preliminary Pretrial Order, and the Parties continued to engage in meaningful discovery and settlement negotiations. (ECF NO. 23).

Since they were retained and at all times during the pendency of this case, Named Plaintiff's counsel consistently conferred with Named Plaintiff and Opt-In Plaintiff Zag (collectively Named Plaintiff and Zag referred to as "Plaintiffs") about the nature of their claims, their job duties, and all supporting records and documentation relating to their employment and wages. Likewise, Counsel for Defendants consistently conferred with Defendants regarding the nature of Plaintiffs' claims, Defendants' defenses, and supporting documentation, including

Plaintiffs' employment records. Counsel for the Parties additionally engaged in a period of discovery with each other and Defendants produced documentation, text messages, pay records, and other documentation relating to Plaintiffs' employment with Defendants over the relevant years. Additional records were provided by Defendants, by agreement of counsel, to ensure all relevant records and documents were produced and evaluated by both Parties.

The documents and records produced by Defendants in the course of over a sixth month period of discovery provided Counsel for Plaintiffs with the necessary materials to fully and fairly evaluate each of the respective claims against Defendants. Plaintiffs' counsel reviewed the records and documents in depth to determine all arguments for liability and to calculate Plaintiffs' unpaid overtime when possible, as well as make reasonable estimates of additional damages allegedly owed.

## II. The Negotiations

The Parties engaged in settlement discussions at the end of 2019 that continued into the beginning of 2020. Unfortunately, the Parties were unable to settle the claims at that juncture and began a formal period of discovery to fully explore the Parties' separate positions and evaluations of the claims and defenses in this matter. Thereafter, the Parties revisited settlement discussions after this period of written discovery, and prior to incurring additional fees and costs associated with depositions. Over several weeks that followed the period of discovery and production of documents and records, the Parties exchanged information regarding their evaluation of the claims and defenses in this matter and their respective settlement positions. This culminated in a settlement, reached on September 29, 2020.

## III. The Settlement Terms

If approved by the Court, the proposed settlement (**Exhibit A**) will provide a combined total settlement payment of Sixty-Two Thousand Five Hundred Dollars ($62,500.00) to be paid in two (2) equal installments. Of this total, Forty-Three Thousand Three Hundred Thirty-Two and 26/100 Dollars ($43,332.26) will be paid to the Plaintiffs as provided in the Agreement representing a substantial percentage of the potential value of their claims.[1]

The proposed payments to Plaintiffs as set forth in the Agreement are based upon detailed, individual assessments of both Plaintiff's alleged unpaid overtime wages, as evaluated based on the documents and records produced, during the applicable claims period (July 10, 2016 through the present) ("Claims Period"). If approved by the Court, the sum of Nineteen Thousand One Hundred Sixty-Seven and 74/100 Dollars ($19,167.74) is to be paid to Plaintiffs' counsel for attorney fees and costs reimbursements in this action.

## IV. The Court Should Approve the Settlement

A court presiding over an FLSA action may approve a proposed settlement of the action under § 216(b) "after scrutinizing the settlement for fairness". *Lynn's Food Stores, Inc.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The court must specifically decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008). In this matter, a bona fide dispute existed as to Plaintiffs' alleged misclassification and the resulting overtime wages allegedly owed.

*1.  The Absence of Fraud or Collusion in the Settlement Favors Approval.*

Here, the settlement reflects a reasonable compromise of the disputed issues in this matter. The issues in this case were in dispute by the Parties, including the separate and respective

---

[1] Wallace will receive settlement payments totaling $22,272.78 and Zag will receive settlement payments totaling $21,059.48. The settlement payments were based on their proportional share of potential damages.

4

evaluations of the Parties as to Plaintiffs' claims and Defendants' defenses. This settlement was achieved with an understanding of the disputed claims and defenses and was reached in an adversarial context in which Plaintiffs and Defendants were represented by counsel, who evaluated, by a review of the documents and pay records and all available information, the claims and defenses in this matter. The settlement in this case was reached in an adversarial proceeding, through arm's length negotiations between capable attorneys who have the necessary experience to protect the rights of the Parties in this matter, while understanding that wage and hour litigation involves risk and a level of uncertainty as to the likelihood of success on the merits. As such, the settlement of this litigation was achieved through ongoing and extensive settlement negotiations. Thus, the Parties submit that the totality of the settlement is fair and reasonable.

      2.     *The Complexity, Expense, and Likely Duration of this Case, were it not to Settle, Favors Settlement.*

The complexity, expense, and likely extended duration of this case (were it not to settle at this time) are significant factors that all favor settlement. If the Parties are not able to resolve the claims at issue, this litigation would likely continue for several years. Not only would the Parties be forced to litigate their claims and defenses through summary judgment and/or trial, but the case could afterwards be appealed by the non-prevailing Party. Undoubtedly, both Parties will incur substantial additional legal fees and expenses if this case is not settled.

      3.     *The Discovery Taken By the Parties Favors Approval of the Settlement.*

Moreover, the settlement in this case is fair because the Parties engaged in substantial discovery and analysis of evidence throughout this action, as well as comprehensive negotiations, and the issues were well understood. The calculations used to determine the settlement amount were based upon the actual review and individualized damages calculations of each of the Plaintiffs' payroll records, emails, company records, service logs, and related documentation from

their employment with Defendants, as prepared by Plaintiffs and Defendants independently. Counsel for both Parties each examined and relied on extensive documentation, including timesheets, payroll records, e-mails and other documentation relating to Plaintiffs' claims for unpaid overtime in reaching and evaluating said calculations. Settlement demands and counteroffers were exchanged throughout the pendency of this case before an agreement was ultimately reached in light of these calculations. The proposed Settlement will provide a settlement payment to Plaintiffs that represents a substantial portion of their alleged unpaid wages as estimated and/or calculated by Counsel for Plaintiffs, and is substantially greater than the value of their claims according to Defendants' estimates and calculations.

    *4.       The Uncertainty of this Litigation Favors Settlement.*

Both Plaintiffs and Defendants are all well-aware of the uncertainties associated with wage and hour litigation. While Plaintiffs in this case are confident in their claims, they also understand that their claims in this case may prove to be unsuccessful. Accordingly, Plaintiffs strongly prefer the certainty of the proposed settlement to the risks associated with continued litigation. Likewise, while Defendants are confident in their defenses to Plaintiffs' claims, the certainty of the proposed settlement is preferred over continued litigation for an unknown period of time.

    *5.       Plaintiffs' Counsel's Fees and Expenses are Proper and Reasonable*

The Settlement reflects Defendants' agreement to pay Plaintiffs' Counsel less than one-third of the total settlement amount and their reasonable expenses incurred in the Action out of that fund, subject to the Court's approval.

In addition, as part of its fairness determination, the Court must also determine that the proposed attorneys' fees are reasonable. *See Strong v. Bellsouth Telecomms.*, 137 F.3d 844, 849-50 (5th Cir. 1998); *see also Zoll v. Eastern Allamakee Cmty School Dist.*, 588 F.2d 246, 252 (8th Cir. 1978). The FLSA has a fee-shifting provision that provides that the prevailing party shall

recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b) (a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and the costs of the action."); *see also* O.R.C. § 4111.10(A) (liability includes paying "costs and reasonable attorney's fees as may be allowed by the court"). Indeed, "[a]n award of attorneys' fees under the FLSA is **mandatory**, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc*. Case No. 3:90CV7087, 1993 WL 659253, *3 (N.D. Ohio May 14, 1993) (*citing United Slate, Tile & Composition v. G & M Roofing,* 732 F.2d 495, 501 (6th Cir.1984)).

The federal courts have long recognized the profound importance of plaintiff's right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin,* 830 F.2d 182, 184 (11th Cir. 1987) (FLSA's fee recovery provision, 29 U.S.C. § 216(b), is not collateral to the merits of an FLSA lawsuit but, rather, is an "integral part of the merits of FLSA cases and part of the relief sought therein."). Although no numeric relationship is required between the amount of economic losses recovered and the amount of fees recoverable, courts determine the reasonableness of fees based on the circumstances and complexities of a particular case. Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights"). Thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *See City of Riverside v. Rivera,* 477 U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are available to represent persons with legitimate claims). This principle has been applied

in many cases in the FLSA context. *See, e.g., Holland v. New Method Packaging, LLC, et al*, No. 3:16-cv-00309-TMR-MJN, Doc. #23 (S.D. Ohio 2017) (Rose, J.) (in a case alleging violations of the FLSA, the Court approved settlement payment of $13,395.97 to the named plaintiff and $19,000 for attorneys' fees and costs); *Pellegrini v. Tower 10, LLC, et al*, No. 2:16-cv-00293-JLG-TPK, Doc. #31 and 32 (S.D. Ohio 2017) (Graham, J.) (in a FLSA case, the Court approved settlement of $2,000 to the named plaintiff and $11,500 for attorneys' fees and costs); *Jasper, et al v. Home Health Connection, Inc.*, No. 2:16-cv-00125-EAS-EPD (S.D. Ohio 2016) (Sargus, J.) (in a FLSA case, the Court approved $35,000 to named plaintiffs and class and $63,000 for attorneys' fees and costs).[2]

One-third fee requests are typically approved in collective actions. *See e.g. Lackie v. U.S. Well Servs.,* No. 2:15-cv-695, 2017 U.S. Dist. LEXIS 28920, at *10 (S.D. Ohio Mar. 1, 2017); *adopted and affirmed Lackie v. U.S. Well Servs.*, No. 2:15-cv-695, 2017 U.S. Dist. LEXIS 34720 (S.D. Ohio Mar. 10, 2017) (J. Smith) (*See also* Southern District of Ohio, Case No. 2:15-CV-

---

[2] *Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based the attorney's lodestar hourly rates); *Hodgson v. Miller Brewing Co.,* 457 F.2d 221, 228-29 (7th Cir. 1972); *Perdomo v. Sears, Rosebuck & Co.,* Case No. 97-2822-CIV-T-17A, 1999 WL 1427752, *10 (M.D. Fla. Dec. 3, 1999); *Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1313, 1327 (M.D. Fla. 2001); *Heder v. City of Two Rivers,* 255 F.Supp.2d 947, 955 (E.D. Wis. 2003); *Perrin v. John B. Webb & Assocs.,* Case No. 604CV399ORLKRS, 2005 WL 2465022, *4 (M.D. Fla. Oct. 6, 2005)("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time"). *See also Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Albers v. Tri-State Implement, Inc*., 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc*., 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.,* 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.,* 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

8

00695, Dkt. Entry 108); *Perry v. DASCO Home Medical Equipment, Inc*., Southern District of Ohio, Case No. 2:19-cv-01921; Dkt. Nos. 10 and 11 (J. Marbley); *Campbell v. Wise Medical Staffing, Inc.,* Southern District of Ohio, Case No. 2:18-cv-00493; Dkt. Nos. 54-56 (J. Morrison); *Al-Sabur v. ADS Alliance Data Systems, Inc.,* Southern District of Ohio, Case No. 2:18-cv-00957; Dkt. Nos. 22-23 (J. Smith); and *Green, et al. v. H.A.D., Inc.*, Southern District of Ohio, Case No. 2:15-cv-933 (1/3 fee approved in case where parties agreed to early mediation without motion practice and formal discovery).[3]

The attorneys' fees requested by Plaintiffs' Counsel should not be altered because counsel efficiently resolved this case without extensive litigation rather than prolonging the litigation and increasing their potential fees. Had this case not settled, Plaintiffs' Counsel would have vigorously litigated the case without any promise of success and compensation. At every step of the litigation, Defendants could have succeeded. Therefore, the Plaintiffs were at a risk for non-payment. This risk of non-payment strongly supports the amount requested here and warrants approval. (**Exhibit C**, Coffman Decl., ¶ 22). Indeed, Plaintiffs' Counsel is requesting less than one-third of the settlement for fees.

---

[3] *See also Braucher, et al. v. Atlas Railroad Construction, LLC.*, Northern District of Ohio Case No. 5:14-cv-01601 (1/3 fee approved in case where parties agreed to early mediation without motion practice and formal discovery); *Mulloy, et al. v. Cuyahoga County*, Northern District of Ohio, Case No. 1:14-cv-02546 (same); *Terry v. All Hearts Home Health Care,* Northern District of Ohio Case No. 1:16-cv-515; *Houston, et. al. v. Progressive Casualty Insurance Co.,* Northern District of Ohio Case No. 1:15-cv-01853; *Rucker v. Quality Blow Molding,* Northern District of Ohio Case No. 1:15-cv-1039; *Douglas, et al. v. J&K Subway, Inc.,* Northern District of Ohio Case No. 4:14-cv-2621; *Smith v. CMHA*, Northern District of Ohio Case No. 1:14-cv-1409; *Armbruster v. City of Cleveland*, Northern District of Ohio Case No. 1:13-cv-2626; *Williams v. Beckett Air, Inc.*, Northern District of Ohio Case No. 1:12-cv-2796; *Welch v. Incept Corporation*, Northern District of Ohio Case No. 5:12-cv-1775; *Malaj v. Gohlke*, Northern District of Ohio Case No. 1:11-cv-1578; *Campbell v. Judson Services*, Northern District of Ohio, Case No. 1:11-cv-906; *Murphy v. 1-800-Flowers*, Northern District of Ohio, Case No. 1:10-cv-1822; *Miller v. National Enterprise Systems*, Northern District of Ohio, Case No. 1:10-cv-1664; *Osolin v. Turocy & Watson LLP, et al,* Northern District of Ohio, Case No. 1:09-cv-2935; *Kelly v. National Enterprise Systems*, Northern District of Ohio, Case No. 1:09-cv-2268; *McNelley v. Aldi,* Northern District of Ohio, Case No. 1:09-cv-1868; *Rotuna v. West Customer Management Group,* Northern District of Ohio, Case No. 4:09-cv-1608; *Jackson v. Papa John's*, Northern District of Ohio, Case No. 1:08-cv-2791; *Dillworth v. Case Farms*, Northern District of Ohio, Case No. 5:08-cv-1694; *Fincham v. Nestlé Prepared Foods Company*, Northern District of Ohio, Case No. 1:08-cv-73; and *McGhee v. Allied Waste Industries*, Northern District of Ohio, Case No. 1:07-cv-1110

Expenses are estimated to be approximately $417.74.  All expenses were incurred during the course of the litigation of this Action.  (Coffman Decl., ¶ 25).

A proposed entry is attached hereto as **Exhibit B** for the purpose of approving the settlement and dismissing this action with prejudice, except to retain jurisdiction for the limited purpose of enforcing the terms of the Settlement Agreement, if necessary.

### V.     Conclusion

For the reasons stated above, the Parties respectfully request the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss this action with prejudice by entering the proposed order attached as **Exhibit B.**

Respectfully submitted,

| **COFFMAN LEGAL, LLC** | **TAFT, STETTINIUS & HOLLISTER LLP** |
|---|---|
| */s/ Matthew J.P. Coffman* | */s/ Devin M. Spencer* |
| Matthew J.P. Coffman (0085586) | Devin M. Spencer (0096739) |
| Adam C. Gedling (0085256) | 65 East State Street |
| 1550 Old Henderson Rd. | Suite 1000 |
| Suite 126 | Columbus, Ohio 43215 |
| Columbus, Ohio 43220 | (614) 221-2838 |
| Phone: 614-949-1181 | Fax: (614) 221-2007 |
| Fax: 614-386-9964 | dspencer@taftlaw.com |
| Email: mcoffman@mcoffmanlegal.com | |
|     agedling@mcoffmanlegal.com | *Attorney for Defendants* |
| *Attorneys for Plaintiffs* | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically with the Court on this 24th day of November, 2020, via the Court's CM/ECF system, which will send electronic notification of the filing to all counsel of record.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)