UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICK WALLACE, on behalf of
himself and others similarly situated,

        Plaintiff,

    v.

FINE HOME FURNISHINGS LLC,
*et al.*,

        Defendant.

Case No. 2:19-cv-2973
JUDGE EDMUND A. SARGUS, JR.
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on the parties' Joint Motion for Approval of Settlement (ECF No. 31). For the following reasons, the motion is **GRANTED**.

## I.

Plaintiff Rick Wallace ("Plaintiff") initiated this action on July 10, 2019 alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code §§ 4111.03, *et seq.*, and the Ohio Prompt Pay Act, Ohio Revised Code § 4113.15. (Compl., ECF No. 1.) Plaintiff asserts the FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) while asserting the Ohio claims as a class action pursuant to Federal Rule of Civil Procedure 23. (*See id.*) Plaintiff asserts these claims against Defendants Fine Home Furnishings LLC, B & A Holdings of America, LLC, Furniture Empire, LLC, and A.J. Hussein (collectively, "Defendants"). (*See id.*)

Plaintiff states that he was employed by Defendants as a sales consultant from approximately July 2017 to May 2019. (*Id.* ¶5.) As a sales consultant, Plaintiff made inside sales of furniture to potential customers at Defendants' store locations. (*Id.* ¶6.) The primary duties of

a sales consultant do not fall under any of the exemptions under FLSA or Ohio law. (*Id.* ¶9.) Plaintiff alleges that, while he was employed by Defendants, Defendants had a "policy to uniformly misclassify" Plaintiff and "other inside salespersons as exempt from federal and state overtime provisions and not pay them any overtime wages." (*Id.* ¶7.) Plaintiff further alleges that Defendants failed to pay Plaintiff and other salespersons 1.5 times their regular rates of pay for hours worked over 40 in a workweek, but regularly required Plaintiff and other salespersons to work in excess of 40 hours per week. (*Id.* ¶ 7–10.) On September 6, 2019, this Court granted the parties' Joint Motion to Certify a Class Conditionally pursuant to 29 U.S.C. § 216(b). (ECF No. 6.)

On November 24, 2020 the parties filed this joint motion for settlement approval and for an order of dismissal with prejudice. (Joint Mot. Settlement Approval, ECF No. 31, hereinafter "Joint Mot.") Only one opt-in plaintiff joined this lawsuit; thus, the settlement includes Plaintiff, one opt-in plaintiff, and Defendants. (Joint Mot. at 2.) The settlement provides for a total payment of $62,500 to be paid in two installments. (*Id.* at 4.) The two plaintiffs will receive a combined total of $43,332.26, which represents a substantial percentage of the potential value of their claims, according to the parties. (*Id.*) The remaining $19,167.74 is to be paid to Plaintiff's counsel for attorneys' fees and costs reimbursements. (*Id.*)

## II.

"An employee's claims under the FLSA generally are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Vigna v. Emery Fed. Credit Union*, No. 1:15-CV-51, 2016 WL 7034237, at *2 (S.D. Ohio Dec. 2, 2016). "Thus, the proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated

judgment only after scrutinizing the settlement for fairness." *Id.* (internal citation omitted). "If a settlement in an employee FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement in order to promote the policy of settlement of litigation." *Id.* (internal citation omitted).

### III.

#### A. Proposed Settlement

"The Sixth Circuit has identified the following seven factors a court may consider in determining whether the settlement of FLSA claims is 'fair and reasonable:' (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement." *Snide v. Disc. Drug Mart, Inc.*, No. 1L11CV244, 2013 U.S. Dist. LEXIS 40078, at *3–4 (N.D. Ohio Feb. 27, 2013) (internal citation omitted). After scrutinizing the proposed settlement and weighing the applicable factors, the Court agrees with the parties that the terms of the settlement are fair and reasonable.

#### 1. Absence of Fraud or Collusion

There is no evidence of fraud or collusion in this case. The parties argue that the settlement was reached "with an understanding of the disputed claims and defenses and was reached in an adversarial context in which Plaintiffs and Defendants were represented by counsel, who evaluated, by a review of the documents and pay records and all available information, the claims and defenses in this matter." (Joint Mot. at 5.) "Courts presume the absence of fraud or collusion unless there is evidence to the contrary." *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598

(E.D. Mich. 2006).  There is no evidence of fraud or collusion and instead only evidence of good-faith, arm's length negotiations.  This factor favors approval of the settlement.

### 2.  Complexity, Expense, and Likely Duration of the Litigation

The parties submit that if they are not able to resolve the claims at issue, "this litigation would likely continue for several years." (Joint Mot. at 5.)  Additionally, both parties would "incur substantial additional legal fees and expenses if the case is not settled." (*Id.*)  The Court agrees.  This factor favors approval of the settlement.

### 3.  Amount of Discovery Completed

The parties "engaged in substantial discovery and analysis of evidence throughout this action, as well as comprehensive negotiations, and the issues were well understood." (*Id.*)  Furthermore, the parties state that the calculations used to determine the settlement amount were based upon the "review and individualized damages calculations of each of the plaintiffs' payroll records, emails, company records, service logs, and related documentation from their employment with Defendants[.]" (*Id.* at 5–6.)  And the proposed settlement amounts to a "substantial portion" of the alleged unpaid wages.  This factor weighs in favor of approving the settlement.

### 4.  Likelihood of Success on the Merits

The parties submit that they are "well-aware of the uncertainties associates with wage an hour litigation." (*Id.* at 6.)  "The most important of the factors to be considered in reviewing a settlement is the probability of success on the merits.  The likelihood of success, in turn, provides a gauge from which the benefits of the settlement must be measured." *Wright v. Premier Courier, Inc.*, No. 2:16-CV-420, 2018 WL 3966253, at *4 (S.D. Ohio Aug. 17, 2018) (citing *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 245 (6th Cir. 2011)).  Here, Plaintiff alleges he and others similarly situated were not paid for overtime as required by the FLSA and

Ohio law. Defendants deny these claims. Plaintiff is confident in his claims, while Defendants are confident in their defenses, but both parties prefer the "certainty of the proposed settlement … over continued litigation for an unknown period of time." (Joint Mot. at 6.) Thus, this factor favors approving the settlement.

### 5. Opinions of Class Counsel and Representatives

Counsel for the plaintiffs submits that for several weeks following "discovery and production of documents and records, the Parties exchanged information regarding their evaluation of the claims and defenses in this matter and their respective settlement positions" before reaching a settlement. (Coffman Decl., ECF No. 31-3, ¶13.) Based on counsel's investigation and evaluation, counsel submits that the settlement is "fair, reasonable, and adequate, and is in the best interest of Plaintiffs and properly considers the risk of delay, defenses asserted, the uncertainty of damages, the uncertainty of recovery, and numerous potential certification, litigation, and appellate issues." (*Id.* ¶14.) Counsel for both parties are experienced in the FLSA arena, and the Court gives deference to the parties' counsel's belief that the settlement is fair and reasonable. *Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-0729, 2012 WL 1945144, at *7 (S.D. Ohio May 30, 2012) ("The Court gives weight to the belief of experienced counsel that a settlement is in the best interests of the class.").

In sum, all the relevant factors weigh in favor of approving this settlement. The Court finds the settlement reflects a reasonable compromise over disputed issues and therefore is fair and reasonable. *See Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) ("If a settlement in an employee FLSA suit reflects 'a reasonable compromise over issues', such as FLSA coverage and/or computation of back wages that are 'actually in

dispute,' the Court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'").

### B. Attorneys' Fees and Litigation Costs

The settlement agreement provides that a portion of the fund will be paid to Plaintiff's counsel for attorneys' fees and costs.  (Joint Mot. at 4.)  If an employer is found liable under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and costs to the action." *Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-CV-1677, 2020 WL 4673163, at *5 (S.D. Ohio Aug. 12, 2020) (citing 29 U.S.C. § 216(b)). "In determining the reasonableness of fees, the Court is cognizant that '[t]he purpose of the FLSA attorney fees provision is to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Id.* (citing *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994)).  "The Sixth Circuit has approved both the 'lodestar' and percentage of the fund method of payment of attorneys' fees." *Vigna*, 2016 WL 7034237, at *4 (citing *Rawlings v. Prudential-Bache Prop., Inc.*, 9 F.3d 513, 515–16 (6th Cir. 1993)). "The Court should consider the unique circumstances of the case to determine which method is most appropriate." *Id.*

"In FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund." *Arp v. Hohla & Wyss Enterprises, LLC*, No. 3:18-CV-119, 2020 WL 6498956, at *6 (S.D. Ohio Nov. 5, 2020) (quoting *Carr v. Bob Evans Farms, Inc.*, No. 1:17-cv-1875, 2018 WL 7508650, at *4 (N.D. Ohio July 27, 2018)).  In this case, the parties have agreed that $19,167.74 will be paid to Plaintiff's counsel for fees and costs incurred in this action. (Joint Mot. at 4.)  $18,750 of this award represents attorneys' fees, which amounts to 30% of the fund.  (Coffman Decl. ¶23.)  As the parties point out, Plaintiff's counsel is requesting less than the

standard one-third of the settlement. (Joint Mot. at 9.) The Court sees no reason to deviate from the parties' agreement; the proposed award for attorneys' fees and costs is fair and promotes the purposes of the FLSA.

### IV.

Accordingly, the Joint Motion for Approval of Settlement (ECF No. 31) is **GRANTED**. The Settlement Agreement (ECF No. 31-1) is **APPROVED** and the case is **DISMISSED WITH PREJUDICE**. The Court shall retain jurisdiction over this matter for the purpose of enforcing the Settlement Agreement. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**


**11/25/2020**                      **s/Edmund A. Sargus, Jr.**
**DATE**                                **EDMUND A. SARGUS, JR.**
                                          **UNITED STATES DISTRICT JUDGE**